

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-09-00299-CV

| | | |
|---|---|---|
| XTO Energy Inc., Tommy J. Madewell, Patricia Madewell, Violet Joyce Renfro Kivimaki, Gary W. Yount, Shirley K. Stephens, Gregory Doyle Moseley, Sharlet Yvonne Holamon, Viola D'ann Madewell, NASA Energy Corporation, Edith Madewell McCurrin, Tommy Roessler, Debbie Madewell, the Unknown Heirs of Arthur Fred Madewell, the Unknown Heirs of Gene Roessler, the Unknown Heirs of W.R. Madewell, Matilda Jones Madewell, and Paula Simon Madewell v. Leonard Nikolai and Sandy Nikolai | § § | From the 367th District Court of Denton County (2007-50350-367) |

AND

Leonard Nikolai and Sandy Nikolai
v.
XTO Energy Inc., Tommy J. Madewell, Patricia Madewell, Violet Joyce Renfro Kivimaki, Gary W. Yount, Shirley K. Stephens, Gregory Doyle Moseley, Sharlet Yvonne Holamon, Viola D'ann Madewell, NASA Energy Corporation, Edith Madewell McCurrin, Tommy

Roessler, Debbie Madewell, the
Unknown Heirs of Arthur Fred
Madewell, the Unknown Heirs of
Gene Roessler, the Unknown Heirs
of W.R. Madewell, Matilda Jones
Madewell, Paula Simon Madewell,
Winnifred M. Imboden, Estate of
Ouilda Marie Madewell Baird
(deceased), Wilson Oil & Gas
Company, Sheron Lanelle Mitchell,
Matthew Kirk Miller, Patricia Sue
McNew Finch, Debra Kay Myrick,
William Jay McNew, Wanda Ann
Tubbs, Beverly Ann McNew
Thompson, Pete Mitchell, Glennes
Gerome Langford, William Don
Madewell, Norman Edgar McNew,
and Beverly E. McNew Smithie

§    August 30, 2011

§    Opinion by Chief Justice Livingston

# JUDGMENT

This court has considered the record on appeal in this case and holds that there was error in part of the trial court's judgment. It is ordered that the judgment of the trial court is affirmed in part, reversed and rendered in part, and reversed and remanded in part.

We reverse the trial court's judgment with respect to the court's determinations that (1) the mineral estate of the property was never validly reserved or severed from the surface estate, (2) a mineral lease on the property may only be made by Leonard Nikolai and Sandy Nikolai, (3) the Nikolais are the owners of the property in fee simple, including both the surface and mineral estate, pursuant to their warranty deed, and (4) the cloud on the Nikolais' title created by appellants' claim to the mineral estate is removed and quieted. We

render judgment, instead, in favor of all of the trial court defendants that the Nikolais are estopped by deed from claiming that they own any interest in the minerals beneath the surface of their property. We also affirm the trial court's judgment to the extent that it denied the Nikolais' claim for attorney's fees, and we remand this case to the trial court for the limited purpose of resolving issues related to R. Scott Alagood's ad litem attorney's fees.

It is further ordered that appellants Leonard Nikolai and Sandy Nikolai shall pay all of the costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS

By _____

Chief Justice Terrie Livingston